IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03383-GPG

MARK A. SCHREINER,

     Plaintiff,

v.

CITY OF LOUISVILLE, COLORADO,
LOUISVILLE, CO, POLICE DEPARTMENT, LPD,
CHIEF DAVID HAYES, LPD,
OFFICER JOSH SUNDBERG, LPD,
OFFICER ANTHONY MARTINEZ, LPD,
SGT. JAY LANPHERE, LPD,

     Defendants

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff initiated this action on December 15, 2014, by filing a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs.  Magistrate Judge Gordon P. Gallagher directed Plaintiff to cure certain deficiencies, which Plaintiff did on February 12, 2015.  Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Plaintiff has identified eleven claims that for the most part pertain to an incident that took place on December 14, 2012.  For the reasons stated below the Court will

direct Plaintiff to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff's claims are conclusory and vague in part and repetitive.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff does in part assert what Defendants did to violate his constitutional rights.  He, however, states claims that do not identify who specifically violated his rights.  Each claim must identify a named defendant that personally participated in the alleged constitutional violation.  *See Bennett v. Passic* , 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show in each identified claim how a named individual was responsible for the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two*

3

*Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Moreover, the police department is not a separate entity from the City of Louisville, and, therefore, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Any claims asserted against the police department must be considered as asserted against the City of Louisville.

Also, municipalities and municipal entities, such as the City of Louisville, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City*

4

*of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff

must show that a policy or custom exists and **that there is a direct causal link**

**between the policy or custom and the injury alleged**.  *City of Canton, Ohio v. Harris*,

489 U.S. 378, 385 (1989) (emphasis added).  Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an

Amended Complaint that is in keeping with the above directives.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint

form at www.cod.uscourts.gov to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an

Amended Complaint that complies with this Order the Court will proceed to address

only the claims that comply with Fed. R. Civ. P. 8.  It is

FURTHER ORDERED that process shall not issue until further order of

the Court.

DATED March 10, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge