IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03383-GPG

MARK A. SCHREINER,

    Plaintiff,

v.

CITY OF LOUISVILLE, COLORADO,
LOUISVILLE, CO, POLICE DEPARTMENT, LPD,
CHIEF DAVID HAYES, LPD,
OFFICER JOSH SUNDBERG, LPD,
OFFICER ANTHONY MARTINEZ, LPD,
SGT. JAY LANPHERE, LPD,

    Defendants

---

ORDER TO DISMISS IN PART AND TO AMEND IN PART

---

    Plaintiff Mark A. Schreiner resides in Broomfield, Colorado.  He initiated this action by filing *pro se* a Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed in District Court Without Prepaying Fees or Costs.  The Complaint and the Application were deficient.  Magistrate Judge Gordon P. Gallagher directed Plaintiff to cure the deficiencies, which he did.  Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on March 9, 2015.

    On March 10, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to amend the Complaint, comply with Fed. R. Civ. P. 8, and state how each named defendant personally participated in an alleged violation.  Plaintiff also was informed that the Louisville Police Department is not a separate entity from the City of Louisville, therefore, is not a person under 42 U.S.C. § 1983, and any claims against the police department must be considered as asserted against the City of Louisville.  *See Stump*

*v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Plaintiff further was told that municipalities, such as the City of Louisville, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff was further informed that to state liability against the City of Louisville he must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Magistrate Judge Gallagher also found in the March 10, 2015 Order to Amend, that Plaintiff in part did assert what Defendants did to violate his constitutional rights but asserted some claims that did not identify who specifically violated his rights.  Plaintiff was directed to amend the Complaint and to state what each properly named defendant did to him, when they did it, how the action harmed him, and what specific legal right was violated.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff also was told that a party may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Finally, Plaintiff was told that if he failed to submit an Amended Complaint within the time allowed the Court would proceed to address only the claims that comply with Fed. R. Civ. P. 8.

Plaintiff did not file an Amended Complaint within the time allowed.  He, however, filed a Motion for Clarification of Court Order, ECF No. 27, that is argumentative and borders on being abusive, ECF No. 27, and a Motion for Extension of Time to Amend, ECF No. 28, that provides no basis for the Court to grant an extension of time for Plaintiff to comply with the February 12, 2015 Order to Amend.

Furthermore, it is unreasonable that Plaintiff waited until after the thirty-day time limit had run to request clarification of the February 12, 2015 Order to Amend and to seek an extension to file an Amended Complaint. Just because Plaintiff signs and dates a motion for extension within the time period allowed to submit a pleading does not constitute a timely filing when the pleading is presented to the Court for filing after the time period has run. Plaintiff did not present the Motion for Clarification and the Motion for Extension of Time to the Court until April 10, 2015, a day after the Amended Complaint was due.

The Court finds the March 10, 2015 Order to Amend self-explanatory and the Motion for Extension of Time to Amend without basis for granting. Both Motions will be denied. Nonetheless, Plaintiff will have fourteen days from the date of this Order to file an Amended Complaint based on the following.

The Court construes the February 12, 2015 Complaint liberally because Plaintiff is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110.

Because Plaintiff has been granted leave to proceed pursuant to the in forma pauperis statute, 28 U.S.C. § 1915, under § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Complaint and action will be dismissed in part as legally frivolous.

The Court has reviewed Plaintiff's eleven claims and construes the claims as follows.

I. Officers Josh Sundberg and Anthony Martinez unlawfully arrested, searched, seized and confined Plaintiff in violation of the Fourth and Fourteenth Amendment on December 14, 2012;

II. It is the policy and custom of the City of Louisville and Chief of Police to inadequately and improperly investigate and document citizen complaints of police misconduct by not writing a report of Plaintiff's alleged kidnapping claim against his son's mother;

III. "Defendants" maliciously prosecuted him when they wrongfully charged him with crimes and after many months the district attorney dropped all charges against Plaintiff due to lack of evidence;

IV. Defendants Sundberg, Martinez and Sergeant Jay Lanphere were negligent when they arrested Plaintiff without probable cause because they owed Plaintiff a duty to stop each other from committing the unlawful act;

V. City of Louisville was negligent because it owed a duty to Plaintiff to exercise reasonable care in the hiring, contracting, testing, training, and supervising of its police officers;

VI. Defendant Sundberg committed assault and battery against Plaintiff during Plaintiff's arrest resulting in several severe injuries;

VII. "Defendants" defamed Plaintiff by communicating to third parties that he was arrested for domestic abuse, child abuse, and harassment;

VIII.[1] Defendants Sundberg and Martinez failed to provide for Plaintiff's pets after Plaintiff was arrested, even though they knew the pets needed attention;

IX. Defendants acted recklessly and with the intent of causing Plaintiff severe emotional distress;

X. Defendant Sundberg committed medical malpractice when Plaintiff refused to allow Plaintiff to take his prescribed medications with him

---

[1] Inadvertently, Plaintiff identifies this claim also as Claim VII. The claim correctly is noted as Claim VIII.

>    to the county jail and as a result Plaintiff suffered "significant damages"; and
>
> XI. Defendants Hayes, Sundberg, Martinez, and Lanphere conspired to arrest and confine Plaintiff even though there was no probable cause to arrest Plaintiff.

Plaintiff seeks money damages and injunctive relief.

First, Claim One appears to assert a claim against Defendants Josh Sundberg and Anthony Martinez. If Plaintiff desires to proceed with this claim he must include the claim in the Amended Complaint.

Second, Claim Two, as asserted against Defendants City of Louisville and Chief David Hayes, will be dismissed as legally frivolous. Plaintiff is asserting a claim against these Defendants because out of the thirty-seven times he called the police to report his son being kidnapped by the son's mother the police only wrote a report on three occasions.

Private citizens cannot compel enforcement of criminal law. *See generally, Diamond v. Charles*, 476 U.S. 54, 64–65 (1986); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("private citizens generally have no standing to institute criminal proceedings"). Plaintiff, therefore, has no constitutional right to have a report written by a Louisville police officer regarding the alleged kidnapping of his son by the son's mother.

Without a predicate constitutional harm inflicted by an officer, no liability exists for the City of Louisville. *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004) (citation omitted); *see also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002) ("We will not hold a municipality liable [for constitutional violations] when there was no underlying constitutional violation by any of its officers.") (internal

quotation marks and citation omitted); *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) ("a municipality may not be held liable where there was no underlying constitutional violation by any of its officers."). Where an individual municipal officer is entitled to qualified immunity because the officer's conduct did not violate the law, "such a finding is equivalent to a decision on the merits of the plaintiff's claim." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 783 (10th Cir.1993) (citation omitted).

Third, with respect to Claim Eight, Plaintiff fails to assert a constitutional right to have his pets taken care of by police officers once he is arrested. To the extent Plaintiff is challenging the deprivation of his property, the United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), overruled on other grounds by *Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available). Plaintiff has a remedy available in state court. *See* Colo. Rev. Stat. §§ 24-10-104 and 24-10-118. Claim Eight will be dismissed as legally frivolous.

Finally Claims Four, Five, Six, Nine, and Ten fail to assert a constitutional violation pursuant to 42 U.S.C. § 1983. These claims assert negligence, assault and battery and medical malpractice, which are state law claims. The Court will dismiss these claims without prejudice. Also, the Louisville Police Department will be dismissed

6

as an improper party to this action for the reasons stated above and in the March 10, 2015 Order.

With respect to Claims Three, Seven, and Eleven, Plaintiff is directed to amend the claims as follows.

Mere conclusory allegations of conspiracy with no supporting factual assertions are insufficient. *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (citations omitted). Pleadings must present specific facts that show agreement and concerted action by the defendants. *Id.* Plaintiff fails to present any specific facts in Claim Eleven that show agreement and a concerted action.

In Claims Three and Seven, Plaintiff is directed, as he was directed to do in the March 10, 2015 Order to Amend, to assert personal participation by individually named defendants with respect to any alleged constitutional violation he states in these two claims. Also, Claim One refers to Defendant Lanphere but fails to assert personal participation by Defendant Lanphere in any of the alleged constitutional violations asserted in this claim. February 12, 2015 Compl., ECF No. 7, at 3-8.

Plaintiff is further directed to submit the Amended Complaint on a Court-approved form, set forth only claims that are property asserted pursuant to § 1983, and to assert how each properly named defendant personally participated in the alleged constitutional violation. Also, "[a]n amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' " *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).

Finally, Plaintiff is reminded that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Accordingly, it is

ORDERED that Defendants City of Louisville, Louisville Police Department, and David Hayes are dismissed as parties to this action. It is

FURTHER ORDERED that Claims Two and Eight are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)((2)(B)(i). It is

FURTHER ORDERED that Claims Four, Five, Six, Nine, and Ten are dismissed without prejudice as state law claims. It is

FURTHER ORDERED that Plaintiff is directed to Amend the remaining Claims Three, Seven, and Eleven in compliance with the above directives within fourteen days of the date of this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form at http://www.cod.uscourts.gov. **to be used in filing the Amended Complaint**.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order the Court **may dismiss this action without further notice**.  It is

FURTHER ORDERED that process shall not issue until further order of the Court and any attempt to issue process will be quashed.  It is

FURTHER ORDERED that Plaintiff's Motion for Extension of Time to Amend the Complaint, ECF No. 28, and his Motion for Clarification of Court Order to Amend the Complaint, ECF No. 27, are denied as untimely.

DATED at Denver, Colorado, this   15th   day of    April         , 2015.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court